IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| WEBBER DAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 15-2573-JDT-tmp |
| | ) |
| DEPARTMENT OF THE NAVY, BOARD | ) |
| FOR CORRECTION OF MILITARY | ) |
| RECORDS, | ) |
| | ) |
|     Defendant. | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court is the Motion to Dismiss filed by defendant Department of the Navy, Board for Correction of Military Records ("the Navy"), on May 10, 2016. (ECF No. 12.) *Pro se* plaintiff Webber Davis did not timely file a response in opposition. Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the court recommends that the Navy's motion to dismiss be granted.

    I.    PROPOSED FINDINGS OF FACT

On September 1, 2015, Davis filed a *pro se* complaint alleging violations of his civil rights under 42 U.S.C. § 1983 against the Navy. (ECF No. 1.) In his complaint, Davis states that he has

been out of the military for forty years, and that the Navy has refused to give him a "discharge up-grade" for forty years. He requests that the court upgrade his discharge to honorable. On May 10, 2016, the Navy filed the present motion to dismiss. In its motion, the Navy states the following:

> Mr. Davis received a bad conduct discharge from the United States Marine Corps on November 1, 1974, by reason of sentence of a special court martial. In 1976, Mr. Davis sought review of his discharge, and was informed that the conditions of his separation would not be changed, corrected, or modified. The following year Mr. Davis again sought review and was again informed that his discharge would not be changed, corrected, or modified. Mr. Davis sought review for a third and final time in 1989, and was once more told that no change to his discharge was warranted.

(ECF No. 12.) (internal citations omitted). The Navy attached as a sealed exhibit administrative records confirming these events. (ECF No. 13.)

First, the Navy argues that "a § 1983 action is not the appropriate vehicle by which to challenge the classification of a discharge." Second, acknowledging Davis's status as a *pro se* litigant, the Navy construes Davis's complaint as a request for judicial review under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. However, the Navy asserts that even construing Davis's complaint as an action under this Act, his complaint should be dismissed because the statute of limitations on his claim has expired.

## II. PROPOSED CONCLUSIONS OF LAW

-2-

Davis alleges violations of his civil rights under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by "the Constitution or laws of the United States" (2) committed by a defendant acting under the color of state law. Meadows v. Enyeart, 627 F. App'x 496, 500 (6th Cir. 2015) (citing Marcilis v. Twp. of Redford, 693 F.3d 589, 595 (6th Cir. 2012)). The Navy is governed by federal law rather than state law. See 10 U.S.C. § 111; Holmes v. Dep't of Navy, 583 F. Supp. 2d 431, 433-34 (W.D.N.Y. 2008) (granting defendants' motion to dismiss plaintiff's § 1983 claim because "[n]either the Department of the Navy nor its employees acted under state law"). Because the Navy does not act under the color of state law, Davis has failed to state a claim upon which relief may be granted under § 1983.

Although Davis's complaint fails to state a claim under § 1983, *pro se* complaints "are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). As best as the court can tell, Davis intends to bring an action under either 10 U.S.C. § 1552 or 10 U.S.C. § 1553. See Long v. Sec'y of Army, 37 F.3d 1499, at *1 (6th Cir. 1994). Under § 1552, a service member may seek "to correct an error or remove an injustice" from his or her file by filing "a request for the correction within three years

after discovering the error or injustice" with the Board for Correction of Military Records. 10 U.S.C. § 1552(a)(1), (b). Under § 1553, a former service member may request review of his or her discharge or dismissal within fifteen years after the date of the discharge or dismissal. 10 U.S.C. § 1553(a). "The statute of limitations for claims raised pursuant to proceedings under §§ 1552 or 1553 is set forth in 28 U.S.C. § 2401." Scarborough v. U.S. Marine Corps., No. 3:05-1051, 2006 WL 1880084, at *3 (M.D. Tenn. July 6, 2006) (citing Blassingame v. Sec'y of Navy, 811 F.2d 65, 72 (2d Cir. 1987) & Walters v. Sec'y of Def., 725 F.2d 107, 110 (D.C. Cir. 1983)). Pursuant to § 2401, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a); see also Davis v. United States, 589 F.3d 861, 863 (6th Cir. 2009). The Sixth Circuit has held that a right of action "first accrues" under § 2401 "when the plaintiff knows or has reason to know of the injury complained of." Stupak-Thrall v. Glickman, 346 F.3d 579, 584 (6th Cir. 2003) (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir. 1991)).

Assuming that Davis received the most recent Notice of Decision from the Naval Discharge Review Board within a reasonable amount of time after it was dated (December 15, 1989), Davis's right of action would have accrued in December 1989 or early

January 1990.[1]  Therefore, the six-year statute of limitations under § 2401 would have run in December 1995 or January 1996. Davis filed this action on September 1, 2015, almost twenty years after the statute of limitations under § 2401 had passed. As such, his complaint is untimely. See Scarborough, 2006 WL 1880084, at *4-6 (holding that plaintiff's action under either §§ 1552 or 1553 requesting to have his bad conduct discharge reviewed and changed to honorable was untimely because the statute of limitations under § 2401 had run).

Next, the court will consider whether the statute of limitations should be equitably tolled in this case. The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Plummer v. Warren, 463 F. App'x 501, 504 (6th Cir. 2012) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)) (internal quotation marks omitted). Equitable tolling may apply to claims arising under §§ 1552 and 1553. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Anderson v. United States, 46 Fed. Cl. 725, 727 (2000), aff'd, 4 F. App'x 871 (Fed. Cir. 2001). However, "the doctrine of equitable tolling is

---

[1]The Navy notes that "[t]here was no prohibition against Mr. Davis requesting multiple reviews of his record, and each unfavorable outcome resulted in the accrual of a new cause of action." (ECF No. 12.)

used sparingly by federal courts." Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010) (citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000)). The Sixth Circuit has outlined five non-exhaustive factors for the court to consider in deciding whether equitable tolling is appropriate, including: "1) lack of notice of requirement to file suit; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendants; and 5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement." Cheatom v. Quicken Loans, 587 F. App'x 276, 281 (6th Cir. 2014) (citing Truitt v. Cnty. of Wayne, 148 F.3d 644, 648 (6th Cir. 1998)).

There is nothing in the record before the court to suggest that equitable tolling should apply to this case. Davis did not respond to the Navy's motion to dismiss (in which it argued that equitable tolling should not apply) and did not suggest in his complaint that the statute of limitations should be equitably tolled. Moreover, given that Davis did not file the instant action until almost twenty-six years after presumably receiving his last Notice of Decision from the Naval Discharge Review Board, he has not been diligent in pursuing his right to seek relief in federal court. Therefore, the court concludes that equitable tolling is not warranted. See Scarborough, 2006 WL 1880084, at *6 (holding that equitable tolling should not apply to action barred by statute

of limitations under § 2401).

### III. RECOMMENDATION

Based on the foregoing reasons, the court recommends that the Navy's motion to dismiss be granted.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 14, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**