IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WEBBER DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| VS. | ) | No. 15-2573-JDT-tmp |
| | ) | |
| | ) | |
| DEPARTMENT OF THE NAVY, | ) | |
| BOARD FOR CORRECTION OF | ) | |
| MILITARY RECORDS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS, CERTIFYING AN
APPEAL BY PLAINTIFF WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING PLAINTIFF LEAVE TO APPEAL *IN FORMA PAUPERIS*

On September 1, 2015, Plaintiff Webber Davis filed a *pro se* civil complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Tu M. Pham issued an order on November 20, 2015, granting leave to proceed *in forma pauperis* and directing that process be issued and served on the Department of the Navy. (ECF No. 5.) Following service of process, the Defendant filed a motion to dismiss on May 10, 2016. (No. 12 & 13.) Pursuant to Local Rule 12.1(b), Plaintiff's response to the motion to dismiss was due within twenty-eight days, on or before June 10, 2016. *See also* Fed. R. Civ. P. 6(d). Plaintiff did not respond to the motion or seek an extension of time in which to do so.

On June 14, 2016, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended granting the Defendant's motion to dismiss. (ECF No. 14.) Objections to the R&R were due on or before July 1, 2016. *See* Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(d). However, Plaintiff has filed no objections.

Plaintiff alleges in the complaint that for forty years the Department of the Navy has refused to upgrade his discharge to honorable; he seeks an order directing the Defendant to do so. (ECF No. 1 at 2-3.) However, as the Defendant and the Magistrate Judge have noted, 42 U.S.C. § 1983 is not the appropriate method for challenging Plaintiff's discharge.[1] Under 10 U.S.C. § 1553(a), a naval service member may, within fifteen years after the date of his discharge or dismissal, seek review of that discharge or dismissal from the Naval Discharge Review Board ("NDRB"). Under 10 U.S.C. §§ 1552(a)(1) and (b), the service member also may request review by the Board of Correction in order to "correct an error or remove an injustice" from his military record within "three years after he discovers the error or injustice." Judicial review of decisions rendered under § 1552 or § 1553 must be sought within six years. *See* 28 U.S.C. § 2401; *Blassingame v. Sec'y of the Navy*, 811 F.2d 65, 72 (2d Cir. 1987); *Scarborough v. U.S. Marine Corps.* No. 3:05-1051, 2006 WL 1880084, at *3 (M.D. Tenn. July 5, 2006). The Defendant contends, and Magistrate Judge Pham found, that even if this action is treated as a complaint for judicial review, it is time barred.

The Defendant has submitted, under seal, a copy of Plaintiff's military personnel record. (ECF No. 13.) Those records show that Plaintiff received a bad conduct discharge by Special Court Martial from the U.S. Marine Corps on November 1, 1974. (ECF No. 13 at 84.) Plaintiff challenged

---

[1] Section 1983 applies only to entities acting under color of state law, and the Department of the Navy obviously acts under color of federal law.

his discharge before the NDRB three times during the fifteen-year period after his discharge, receiving unfavorable written decisions on May 27, 1976 (*id.* at 97), March 14, 1977 (*id.* at 105-107) and December 15, 1989 (*id.* at 109-117). Thus, any complaint for judicial review should have been filed within six years of the NDRB's last decision in 1989, on or before December 15, 1995. This action is untimely by more than twenty years.

The Court fully ADOPTS the recommendation of Magistrate Judge Pham and GRANTS the Defendant's motion to dismiss.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant the Defendant's motion to dismiss this case as time barred also compel the conclusion that an appeal by Plaintiff would not be taken in good faith. Accordingly, it is CERTIFIED, pursuant to Federal

Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE